**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JUDGE CASTEL**

| | |
|---|---|
| COLLEEN JULIUS, | **ECF CASE** |
| Plaintiff, | **08 CV 3091** |
| -v- | Case No: |
| DEPARTMENT OF HUMAN RESOURCES ADMINISTRATION, CITY OF NEW YORK, | **COMPLAINT** |
| Defendant. | JURY DEMAND |

MAR 2 6 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## NATURE OF THE ACTION AND THE PARTIES

1.  This an action to redress unlawful employment practices, under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), on the basis of her race, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code §8 -101 et seq.

2.  Plaintiff Colleen Julius ("Ms. Julius" or "Plaintiff") is an adult residing in Brooklyn, New York.  Ms. Julius is of African decent (Black) and she is an American who suffers form asthma.

3.  Defendant Department of Human Resources Administration ("HRA" or "Defendant") is a department of the government of the City of New York.

## JURISDICTION AND VENUE

4.  This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343

1

and 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and because all causes of action accrued within New York County, New York.

6. Plaintiff has satisfied all of the statutory prerequisites to filing suit in this Court.

7. Plaintiff seeks an award of appropriate relief.


**FACTS**

8. On October 3, 2005, Ms. Julius, the plaintiff commenced her employment with the defendant as the Executive Director of the Support Collection Unit with the Office of Child Support and Enforcement.

9. Throughout her tenure with the department the plaintiff preformed and executed her duties in the most professional manner. Plaintiff performed either on the same level or exceeded those employees on level.

10. As an executive and a supervisor, on some occasions she had to correct and reprimand subordinated employees for poor performance and insubordination. Specifically, on some occasion Plaintiff reprimand a subordinate, Yousef Fouks, a white male.

11. The Plaintiff, however, was undermined and ultimately prevented by her supervisors from disciplining Mr. Fouks for her failures as an employee and her propensity to use profanity is addressing her colleagues and the plaintiff. Such was not the same should Plaintiff reprimand a non-white employee.

12. During a time after Foulk having made racist remarks mixed in with contemporary American profanity centering on a person having sexual relation with their mother, Plaintiff sought to severely reprimand if not terminate Foulk's employment. Rather than allowing the

2

plaintiff to perform her duties, Olton transferred Foulk to another department without Plaintiff's knowledge *in the dark of night*.

13. In March or April 2006, Plaintiff requested that the defendant grant her an accommodation under the Americans with Disabilities Act ("ADA") because she suffers from asthma as documented in a letter from her physician. Such was necessary because of the poor air quality, permanently soiled carpet, mold and mildew, excessive cold temperature in Plaintiff's immediate work area. In response, to Plaintiff request, her supervisor offered to locate her to another work area, however, it had the same problems as the area she desired to leave. The

14. Plaintiff's supervisor, Frank Olton, refused to make any sort of reasonable accommodation as required under the ADA to the Plaintiff.

In July 2006, Plaintiff brought her concerns directly to City Commissioner Vera Eggleston. Commissioner Eggleston forwarded the Plaintiff's concern to Olton. Rather than addressing Plaintiff's concerns, Olton reprimanded the Plaintiff and again refused to make an ADA accommodation.

15. On or about November 6, 2006, Plaintiff brought her concerns to the New York State Division of Human Rights by filing a complaint.

16. Subsequently, Olton and her cohorts commenced making a false paper trail using the department's e-mail to create the appearance that the plaintiff's work was unsatisfactory. Such was uncovered the investigator assigned by the New York State Division of Human Rights in response to Plaintiff's administrative complaint. In fact, the department's in-house attorney was caught in a web of half-truths, misstatements and utter confusion that gave the appearance of her submitting false affidavits. The attorney, however, stands by her affirmation contrary to the evidence showing that the defendant is engaged in unlawful conduct.

3

On or about April 6, 2007, the defendant terminated Plaintiff's employment under the pretext of poor performance.

**COUNT I**
**(TITLE VII)**

17.    Plaintiff repeats and realleges every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as though fully set forth herein.

18.    HRA employs more than 1,000 employees; therefore, they meet the statutory minimum number of employee that is required for an action under Title VII.

19.    At all relevant times, HRA was an "employer" within the meaning of Title VII.

20.    At all relevant times, Plaintiff was an "employee" of HRA within the meaning of Title VII.

21.    HRA's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of race in violation of Title VII, in that, the defendant choose to terminate Plaintiff's employment because she dared to reprimand a white-male for unacceptable and hostile behavior in the workplace.

22.    HRA's conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination based on race. HRA's conduct, as alleged herein, was carried out in retaliation for Plaintiff filing a claim of discrimination with the New York State Division of Human Rights.

23.    As a result of HRA's unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary

4

and other damages, punitive damages, interest, and attorneys' fees and costs from HRA under Title VII.

24.    As a further result of HRA's unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from HRA under Title VII.

## COUNT II
## (ADA)

25.  The plaintiff repeats and realleges every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as though fully set forth herein.

26.   HRA employs more than 1000 employees; therefore, they meet the statutory definition of an "employer" within the meaning of the ADA, 42 U.S.C. §12101 et seq.

27.  At all relevant times, the plaintiff was an "employee" within the meaning of the ADA.

28.  HRA's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination in violation of the ADA.

29.  HRA's conduct, as alleged herein, was carried out with malice or reckless disregard for the plaintiff's protected rights to be free from discrimination.

30.  HRA's conduct, as alleged herein, was carried out in retaliation for Plaintiff filing a claim of discrimination with the New York State Division of Human Rights.

31.  As a result HRA's unlawful conduct, the plaintiff has suffered and continues to suffer

5

injury, with resulting monetary and other damages, including without limitation lost wages, lost

back pay and front pay, lost bonuses, lost benefits, lost pension and retirement earnings, lost

interest and attorneys' fees and costs. The plaintiff is entitled to recover such monetary and other

damages, punitive damages, interest, and attorneys' fees and costs from HRA under the ADA.

32. As a further result of HRA' unlawful conduct, the plaintiff has suffered and continues

to suffer, among other items, impairment and damage to her good name and reputation,

emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment

of life, and lasting embarrassment and humiliation. The plaintiff is entitled to recover damages

for such injuries from HRA under the ADA.

### COUNT THREE
### (NYSHRL)

33. The plaintiff repeats and realleges every allegation in paragraphs 1 through 32 of this

Complaint with the same force and effect as though fully set forth herein.

34. At all relevant times, the defendant was "employer" within the meaning of the

NYSHRL. N.Y. Exec. Law § 290 et seq.

35. At all relevant times, the plaintiff was an "employee" within the meaning of the

NYSHRL and a "person" within the meaning of the NYSHRL.

36. HRA's conduct, as alleged herein, constituted unlawful discriminatory practices and

unlawful discrimination on the basis of on the basis of race and disability in violation of the

NYSHRL.

37. HRA's conduct, as alleged herein, was carried out in retaliation for Plaintiff filing a

claim of discrimination with the New York State Division of Human Rights.

38. As a result of HRA's unlawful conduct, the plaintiff has suffered and continues to

6

suffer injury, with resulting monetary and other damages, including without limitation lost

wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement

earnings, lost interest and attorneys' fees and costs. The plaintiff is entitled to recover such

monetary and other damages, from HRA under the NYSHRL.

39. As a further result of HRA's unlawful conduct, the plaintiff has suffered and

continues to suffer, among other items, impairment and damage to her good name and reputation,

emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment

of life, and lasting embarrassment and humiliation. The plaintiff is entitled to recover damages

for such injuries from HRA under the NYSHRL.


## COUNT FOUR
## NYCHRL


40. The plaintiff repeats and realleges every allegation in paragraphs 1 through 39 of this

Complaint with the same force and effect as though fully set forth herein.

41. At all relevant times, HRA n were an "employer" within the meaning NYCHRL.

N.Y.C. Admin. Code §8 -101 et seq.

42. At all relevant times, the plaintiff was an "employee" within the meaning of the

NYCHRL and a "person" within the meaning of the NYCHRL.

43. HRA's conduct, as alleged herein, constituted unlawful discriminatory practices and

unlawful discrimination on the basis of race and disability under the NYCHRL.

44. As a result of HRA's unlawful conduct, the plaintiff has suffered and continues to

suffer injury, with resulting monetary and other damages, including without limitation lost

wages, lost back pay and front pay, lost bonuses, lost benefits, lost pension and retirement

earnings, lost interest and attorneys' fees and costs. The plaintiff is entitled to recover such monetary and other damages, from HRA under the NYCHRL.

45.  As a further result of HRA's unlawful conduct, the plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. The plaintiff is entitled to recover damages for such injuries from HRA under the NYCHRL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment as follows:

(A) On Count One, enter a judgment declaring the acts and practices of the defendant to be in violation of the Title VII.

(B) On Count One, award Plaintiff as against the defendants reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said defendant's unlawful discrimination, unlawful harassment, in accordance with Title VII and other supporting laws.

(C) On Count One, award Plaintiff as against the defendant consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful harassment in accordance with Title VII and other supporting laws.

(D) On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in

8

accordance with Title VII and other supporting laws.

(E) On Count One, award Plaintiff as against Defendant the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII and other supporting laws.

(F) On Count Two, enter a judgment declaring the acts and practices of the defendant to be in violation of the ADA.

(G) On Count Two, award Plaintiff as against the defendants reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement earnings, and interest lost as a result of said defendant's unlawful discrimination, unlawful harassment, in accordance with Title VII and other supporting laws.

(H) On Count Two, award Plaintiff as against the defendant consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful harassment in accordance with the ADA and other supporting laws.

(I) On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the ADA and other supporting laws.

(J) On Count Two, award Plaintiff as against Defendant the cost of this action, together with reasonable attorneys' fees, in accordance with the ADA and other supporting laws.

(K) On Count Three, enter a judgment declaring the acts and practices of Defendant to be in violation of the NYSHRL.

(L) On Count Three, award Plaintiff as against Defendant reinstatement, loss wages, including without limitation back pay, front pay, bonuses, benefits, pension and retirement

earnings, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

(M) On Count Three, award Plaintiff as against Defendant consequential damages for losses resulting from Defendant's unlawful discrimination and unlawful harassment in accordance with the NYSHRL.

(N) On Count Three, award Plaintiff as against Defendant compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

(O) On Count Three, award Plaintiff as against Defendant the cost of this action, together with reasonable attorneys' fees, in accordance with the NYSHRL.

(P) On Count Four, enter a judgment declaring the acts and practices of Defendant to be in violation of the NYCHRL.

(Q) On Count Four award Plaintiff as against Defendants consequential damages for losses resulting from Defendant's unlawful discrimination in accordance with the NYCHRL.

(R) On Count Four, award Plaintiff as against Defendant reinstatement, compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(S) Grant Plaintiff such other and further relief as may be necessary and proper on all counts.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: New York, New York
March 25, 2008.

Respectfully submitted,

LAW OFFICE OF LOCKSLEY O. WADE, LLC
110 Wall Street, 11th Floor
New York, NY 10005
(212) 933-9180
(212) 253-4142 (facsimile)
lwade@lwade-law.com

By: _____
LOCKSLEY O. WADE, ESQ.
*Attorney for the plaintiff*

11