UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

COLLEEN JULIUS,

                                        Plaintiff,

- against -

DEPARTMENT OF HUMAN RESOURCES
ADMINISTRATION, CITY OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------x

**DEFENDANTS' ANSWER TO THE COMPLAINT**

08 CV 3091 (PKC)

      Defendants New York City Department of Human Resources ("Human Resources Administration" or "HRA"), and the City of New York ("defendants," collectively), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint ("Complaint"), respectfully allege as follows:

      1. Deny the allegations set forth in the paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

      2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

      3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that HRA is a mayoral agency of the City of New York.

      4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

      5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to establish venue as set forth therein.

      6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit that the responsibilities of plaintiff's position included supervisory duties, including disciplining subordinates, and that on at least one occasion, plaintiff discussed with Yousef Foulks his work performance, a white male.

11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Mr. Foulks was transferred to a different department within H.R.A.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff made a request for an accommodation from H.R.A.'s EEO Office and that, in response to this request, she was offered the opportunity to work in a different location.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations insofar as they refer to plaintiff's unspecified "concerns."

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that plaintiff filed a charge of discrimination with the New York State Division of Human Rights on November 6, 2006.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that on or about April 6, 2007, plaintiff was terminated from employment with H.R.A.

17. In response to the allegations set forth in paragraph "17" of the Complaint, Defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "16" of this answer as if fully set forth herein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that the City of New York is a suable entity under Title VII.

19. Deny the allegations set forth in paragraph "19" of the Complaint, except admit that the City of New York is an "employer" within the meaning of Title VII.

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was employed by the City of New York from October 3, 2005 through April 6, 2007.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, Defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "24" of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that the City of New York is an "employer" within the meaning of the ADA.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit the allegations in that paragraph insofar as they refer to the City of New York only from the period of October 3, 2005 through April 6, 2007.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, Defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "32" of this answer as if fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that the City of New York is an "employer" within the meaning of N.Y. Executive Law § 290.

35. Deny the allegations set forth in paragraph "35" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its contents.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, Defendants hereby repeat and reallege the responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint, except admit that the City of New York is an "employer" within the meaning of N.Y.C. Admin. Code § 8-101.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit the allegations in that paragraph insofar as they refer to the City of New York only from the period of October 3, 2005 through April 6, 2007.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

### AS AND FOR A FIRST DEFENSE

46. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND DEFENSE

47. The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRD DEFENSE

48. This Court lacks jurisdiction over any claims contained in the federal complaint which were not also contained in plaintiff's charge of discrimination filed with the SDHR.

### AS AND FOR A FOURTH DEFENSE

49. Defendants have not violated any rights, privileges, immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A FIFTH DEFENSE

50. At all times relevant to the acts alleged in the Complaint, defendants' actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

### AS AND FOR A SIXTH DEFENSE

51. All actions and determinations by defendants concerning plaintiff were based on legitimate, non-discriminatory reasons.

### AS AND FOR A SEVENTH DEFENSE

52. Defendants have not adopted any policy, practice or custom violative of plaintiff's rights under the ADA, Title VII, and New York State and City Human Rights Laws or any other statute.

### AS AND FOR AN EIGHTH DEFENSE

53. Upon information and belief, any damage claims alleged in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

**WHEREFORE**, defendants respectfully request that this Court enter an order dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         May 29, 2008

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                          City of New York
                        Attorney for Defendants
                        100 Church Street, Room 2-123
                        New York, New York 10007
                        (212) 788-8699
                        jfay@law.nyc.gov

                        By: /s/ Joshua Fay
                            Joshua Fay
                            Assistant Corporation Counsel

Docket No. 08 CV 3091 (PKC)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| COLLEEN JULIUS,<br><div align="right">Plaintiff,</div><br>- against -<br><br>DEPARTMENT OF HUMAN RESOURCES<br>ADMINISTRATION, CITY OF NEW YORK,<br><div align="right">Defendants.</div> |
| **DEFENDANTS' ANSWER TO THE COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street, Room 2-123*<br>*New York, NY 10007*<br>*Of Counsel: Joshua Fay*<br>*Tel: (212) 788-8699*<br>*NYCLIS No. 2007-027398* |
| *Due and timely service is hereby admitted*<br><br>*New York, N.Y. ……………………… , 200 . . .*<br><br>*……………………………………………… Esq.*<br><br>*Attorney for………………………………………* |